Ruffin, C. J.
 

 The question arises upon the Act of 1840, ch. 28. It enacts, that no person shall be taken to be a purchaser within the Act of 1715, unless he purchase without notice of the conveyance by him alleged to be fraudulent ; and that'possession taken or held by or for the person claiming under such conveyance shall be deemed notice in law of the same. We think it clear, that the possession here spoken of is not a possession continued by the fraudulent donor, but is that of the donee himself or his tenant, taken under the conveyance ; and that such possession of the donee or for him amounts to notice, in respect only of those tracts or parcels, to which that possession extends, and cannot affect a person who buys a parcel which is not, at the-time of his purchase, in the possession of the fraudulent donee. The protection given by the Statute to a prior conveyance, though covinous, is not founded on its own merits ; for, then, it ought to be held good against every one. But it is founded on- the bad faith of a person, who subsequently buys
 
 *304
 
 land, which he knows at the time his vendor had before conveyed to another. We need not consider now, what evidence will in general establish such a knowledge of the previous conveyance, as will make it an act of bad faith to make the purchase. It would seem, indeed, that a suspicion of notice would not suffice for that purpose, though it might be a strong suspicion. For, as far aé notice of the previous conveyance
 
 perse
 
 affects the subsequent purchaser, it is assumed that he was a purchaser for full value, and that the first transaction was fraudulent ; and in such a case it would appear but reasonable, to require plain proof of the second purchaser’s knowledge of the former deed, as in other cases of a guilty
 
 scienter.
 
 But this statute makes the possession of the fraudulent donee notice to a subsequent purchaser. It is not merely evidence ; but in itself is notice. As such it is relied on by itself, on the part of the defendant. The questions, then, are: of what fact is possession notice
 
 1
 
 and of what must there be a possession by the donee to constitute the notice
 
 1
 
 The statute upon its face answers, that the thing to which the notice refers is the previous conveyance for the land the person is about to buy. Very clearly, too, the possession, to which the act imparts the character of notice to the person in treaty for the land, must be the possession of the land, which is the subject of the treaty. A possession of that kind only can tend to inform one in treaty for a particular parcel of land, that another person claims, or has a conveyance for it. If a fraudulent deed be made for two tracts of land, possession taken of one of them by the donee conveys to the world no intimation, that the conveyance eovers the other. The statute means, as far as possession is made
 
 per se
 
 notice, that, at the time of the second purchase, there shall be an actual possession and occupation by the donee or by his tenant, other than the donor. It is true, the donor, "vvho remains in possession, is in under
 
 *305
 
 the donee, and in some sense may be said to hold for the donee. But, as constituting notice to the world of the deed from the one to the other, the possession of the donor after the deed is not the possession of the donee in the sense of the statute. As far as possession of land is evidence of title, the continuing possession of the donor imports that he has not conveyed to another; and to allow a contrary inference would often be actually deceptive. Besides, the terms of the act, ‘ ‘taken” and “held,” imply a change in the apparent possession — that of the donor ceasing, and anew visible one by the donee succeeding it. Therefore the possession by a fraudulent donee cannot operate as notice of the conveyance to him of any land, but such tracts or parcels of tracts as may be occupied by or for him at the time of the second purchase : and especially it cannot so operate, as to any parcels contin" uing in the possession of the donor. From the possession by the defendant of the mill and field and his dwelling houses, the plaintiff might infer, that Sharp had conveyed those parts to the defendants. But, on the other hand, Sharp had been in possession of the other parts of the tract for forty years and still continued to occupy and cultivate those parts up to the time the plaintiff took his lease for them: and it is impossible the plaintiff could infer from such occupation by Sharp, that he had conveyed those parcels to the defendant, and then had no right to lease to the plaintiff: and the statute could not mean that he should so infer. In such a case the possession of the donee must be his actual possession of the land or a part of the land, which is covered both by the conveyance to him, and that to the second purchaser, and, as to such parcels as are still occupied by the donor, there is nothing to give notice. Upon any other construction the statute would work frauds, instead of suppressing them.
 

 Per Cukiam.
 

 Judgment affirmed,